Emma J. Whitely
vs. }Eq. No. 10557.
Carrie E. Miller

April 23, 1931.

BLODGETT, P. J. Heard upon demurrer to bill.

Bill asks for a reconveyance of certain described real estate to complainant.

The bill sets forth that complainant, under an oral agreement for her support during her lifetime, conveyed said real estate to respondent, retaining to herself a life estate in the same, but that respondent has failed to carry out said agreement and complainant therefore seeks a reconveyance of the property.

The first cause of demurrer alleges the bill does not set forth any tender of repayment to respondent of sums paid out by her for care of complainant. The bill simply alleges that the contract for support was broken. At present it does not appear that any money was paid out by respondent upon said contract or that respondent has incurred any obligations by reason thereof.

As a demurrer admits for the purpose of the demurrer that allegations of the bill are true, this ground of demurrer is untenable.

The main ground of demurrer urged is as to laches on the part of complainant.

Ordinarily the question of laches is one of fact.

In *Sprague* vs. *Rhodes et al.*, 4 R. I. 312, the Court says, with reference to a demurrer:

"This bill is certainly meagre in its statements, and quite possibly, as suggested by counsel for defendants, was possibly so drawn to escape a demurrer, to which a fuller statement of the truth of the case would have properly subjected it. If this be so, the defendants will have the advantage of this yet undisclosed truth, by way of defence, in their answers and proofs; but for the reasons above stated, this demurrer cannot be allowed, and the defendants must answer over."

In the case of *Taylor* vs. *Slater*, 21 R. I. 104, cited in brief of respondent, the circumstances were so different from present case that same has no application.

The Court hearing a cause in equity has to determine whether the question of laches on part of complainant is demurrable or not from the allegations in the bill. In the Slater case cited above the allegations were at variance with those of a former action determined by the Court and the demurrer was sustained in part upon this ground.

The case of *Grant* vs. *Bell*, 26 R. I. 288, cited by respondent in support of the third cause of demurrer, fails to support the same, and in fact granted such relief as is prayed for in the present case, viz.: enforcing an implied trust, and further ordering an accounting between the parties which would place them "in statu quo."

This case of *Grant* vs. *Bell*, above cited, does not sustain the ground of demurrer that an agreement as set

forth comes within the scope of the Statute of Frauds and must be in writing. The bill sets forth that the consideration for the deed when given has failed.

The various grounds of demurrer are overruled.

The Court further draws attention to the fact that in the record as received by the Court no demurrer appears, and the Court has proceeded under the assumption that a demurrer was filed as appears from the respective briefs filed by complainant and respondent. A stipulation should be filed that a copy of such demurrer may be placed in the record.

For complainant: John H. DiStefano.

For defendants: J. Raymond Dubee, B. M. McLyman.